IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


FARMERS INSURANCE EXCHANGE,

    Plaintiff/Counterdefendant,


vs.                                                       Civ. No.      1:10-0611-JP

FEDERAL INSURANCE COMPANY,

    Defendant/Counterclaimant.


## MEMORANDUM OPINION AND ORDER

        Defendant Federal Insurance Company (Federal) filed a Motion in Limine[1] seeking to preclude Plaintiff Farmers Insurance Exchange (Farmers) from litigating, during an upcoming trial on the reasonableness of a settlement, the actual amount of damages suffered by the estate of a woman who was killed during an armed robbery. Federal contends that the only relevant question at trial is whether the settlement Federal entered into was reasonable—not the actual value of the underlying wrongful death suit. Because the Court agrees with Federal that Farmers is not permitted to obtain a determination of the exact value of the underlying wrongful death suit, the Court will grant Federal's Motion in Limine.

---

[1] Federal filed its MOTION IN LIMINE (Doc. No. 34) on April 14, 2011. Farmers filed its RESPONSE (Doc. No. 37) on April 28, 2011 and Federal filed its REPLY (Doc. No. 38) on May 12, 2011.

**BACKGROUND**

In July 2008, Qui Seng Chen, a 26-year old employee of the Golden Star Restaurant in Albuquerque, New Mexico was shot and killed by an individual named Donte Powers during an armed robbery. The robbery and murder occurred during the day and the incident was captured by surveillance cameras in the Golden Star Restaurant. Chen's estate subsequently filed a wrongful death suit against WPI Menaul LLC, John Young, and Andrew Sun (collectively WPI), the owners and managers of the shopping center in which Golden Star was a tenant. WPI had insurance coverage from Federal. Yan You, the owner of Golden Star, was insured by Farmers. Yan You was not a party to the wrongful death suit brought by Chen's estate. Both Farmers and Federal participated in the defense of WPI. At a mediation on May 3, 2010, Federal agreed to settle the case on WPI's behalf for 3.75 million dollars. The settlement was paid entirely by Federal. During the mediation, but before the settlement was finalized, Farmers offered to contribute $200,000 towards a settlement. Federal apparently rejected Farmers' offer and then unilaterally settled the case with Chen's estate.

On May 14, 2010 Farmers filed a declaratory judgment action in state court against Federal. In its Amended Complaint by Insurer for Declaration of Rights Under Insurance Policy and for Equitable Contribution (Complaint) (Doc. No. 1), Farmers argued that the 3.75 million dollar settlement paid by Federal was unreasonable as it exceeded the potential liability in the case and failed to account for the apportionment of fault between Powers, the murderer, and WPI. Farmers contended that if Farmers is required to contribute to the settlement on WPI's behalf, Farmers' obligation to pay should be reduced and measured by the percentage of fault attributable to WPI.

The case was removed to federal court on June 24, 2010 and, on April 14, 2011, Federal

filed its Motion in Limine.  In its Motion in Limine, Federal asks the Court to place limitations on the type of evidence and argument that Farmers can use to challenge whether the settlement of the underlying wrongful death case was reasonable.  Federal contends that Farmers improperly intends to obtain a determination from the Court regarding the damages that Chen's estate suffered and an apportionment of fault between WPI and Powers.  According to Federal, Farmers is only permitted to present evidence that relates to the question of whether a reasonably prudent insurer would have settled and Farmers is not entitled to a judicial determination of the actual damages suffered by Chen's estate.  In its Response, Farmers argues that in order to determine whether the settlement was reasonable, the Court will be required to determine the value of the claims made by Chen's estate and how that amount should be apportioned between WPI, Powers, and others.[2]

## DISCUSSION

Both parties concede, at least for purposes of their arguments that are relevant to this opinion, that Farmers has the right to challenge the reasonableness of the settlement Federal paid to resolve the claims brought by Chen's estate.  Thus, the sole question before the Court is how Farmers can go about proving that the settlement was unreasonable.  Farmers argues that the Court must determine the actual value of Chen's estate's claims and apportion fault amongst the parties involved. Federal contends that the Court is prohibited from determining the actual value of the claims and must instead look only at the information available to Federal at the time that Federal agreed to settle the case and whether, based on that information, Federal's settlement

---

[2]Farmers makes a number of other arguments in its Response, such as a contention that Farmers did not refuse to contribute to the settlement.  These arguments, however, are outside the scope of Federal's Motion in Limine.  The Court will thus only address the arguments Farmers makes in response to the issues raised by Federal's Motion in Limine.

was reasonable.

Ordinarily, the reasonableness of a settlement is challenged in one of two contexts—an insured's suit against an insurer for the insurer's bad faith failure to settle a case or an allocation dispute between a party that paid a settlement and a party that is potentially liable for a portion of that settlement. *See e.g. City of Hobbs v. Hartford Fire Insurance Co.*, 162 F.3d 576 (10th Cir. 1998) (bad faith failure to settle) and *Vitkus v. Beatrice Company*, 127 F.3d 936 (10th Cir. 1997) (allocation dispute). Because Federal is essentially accusing Farmers of having failed to settle the case in good faith and Federal is seeking to allocate a portion of the settlement to Farmers, the principles that guide both bad faith and allocation cases with respect to determining the reasonableness of a settlement are relevant to Federal's Motion in Limine.

The Court's primary inquiry in determining whether a settlement is reasonable is "what a reasonable person in the position of [the settling insurer] would have settled for on the merits of [the] plaintiff's claim." *Continental Casualty Company v. Hempel*, 4 Fed.Appx. 703, 718 (10th Cir. 2001) (unpublished). This inquiry requires the Court to examine the damages incurred by the plaintiff in the settled case, the merits of that plaintiff's legal theories, the defenses in the settled case, the relative fault of other parties who could be held liable, and the degree of probability of the plaintiff's success. *See id.* This inquiry must be conducted in light of the settling insurer's obligation to act in good faith by "treat[ing] the interests of the insured equally to [the insurer's] own interests" and "settl[ing] whenever practicable." *City of Hobbs*, 162 F.3d at 582, 585 (10th Cir. 1998). The reasonableness of a settlement is not governed by the actual damages that the settling party would have incurred had the case gone to trial, but is instead governed by the "potential exposure" or "reasonable anticipation of liability" that the settling party believed would have resulted from a trial. *See Vitkus,* 127 F.3d at 945. If actual damages,

rather than potential liability, was the standard, then "settling defendants would be in the hopelessly untenable position of having to refute liability in the underlying action until the moment of settlement, and then turn about face to prove liability in the insurance action." *Id.* (internal quotation marks omitted). The Court's duty when assessing the reasonableness of the settlement that Federal entered into with Chen's estate is therefore not to determine the exact damages that WPI might have been exposed to, but instead to determine what a reasonable insurer, acting in good faith, might have believed those damages to be based on WPI's potential liability. *See id.*

In determining whether Federal's decision to settle the case brought by Chen's estate was reasonable, the Court's inquiry is limited to the information that was available to Federal at the time that it settled. This information includes Federal's assessment of the strength of Chen's estate's case on the issues of liability and damages and the amount of financial risk that WPI was exposed to if it failed to settle. *See Roberts v. Printup*, 595 F.3d 1181, 1187 (10th Cir. 2010). The actual damages that Chen's estate had incurred and the manner in which those damages would be apportioned based on the fault of the parties—information that simply could not be known with certainty at the time of settlement—are therefore not a part of the Court's determination of the reasonableness of Federal's settlement. That is not to say, however, that damages and the apportionment of fault are not relevant at all. In order to show that its decision to settle the case for 3.75 million dollars was reasonable, Federal can introduce evidence that Federal reasonably believed that WPI could have incurred damages equal to or greater than the amount for which Federal settled the case. *See Vitkus*, 127 F.3d at 945. The reasonableness of Federal's valuation of the potential damages that WPI was exposed to necessarily includes some consideration of apportionment of fault. For example, Federal could show that it reasonably

believed that the majority of the fault would be attributed to WPI or that while only a small percentage of fault was attributable to WPI, the potential damages vastly exceeded the settlement amount such that WPI would have been responsible for at least 3.75 million dollars even after fault was apportioned between WPI and Powers.

In sum, Farmers will not be permitted to litigate the actual merits of the claims brought by Chen's estate.  Farmers will not be permitted to attempt to prove with certainty the exact amount of damages Chen's estate suffered nor will Farmers be permitted to obtain a determination of the exact apportionment of fault attributable to WPI.  But, Farmers will be permitted to challenge the reasonableness of Federal's determination that the damages that WPI would have been responsible for, had the case had gone to trial, exceeded 3.75 million dollars. This will require some testimony on the parties' assessment of the damages—a figure that necessarily includes the parties assessment of the fault that would be apportioned against WPI. If Federal believed that Chen's estate's claims were worth 3.75 million dollars and failed to take into account the apportionment of fault between WPI and Powers, then Federal's decision to settle for that amount might be unreasonable.  But, if Federal believed that the value of the claim vastly exceed 3.75 million dollars, and Federal offered 3.75 million dollars after accounting for WPI's share of the fault, then Federal's decision to settle for that amount might be reasonable.[3] Thus, the Court will grant Federal's Motion in Limine and limit the evidence at trial to evidence that is relevant to Federal's determination that 3.75 million dollars was a reasonable settlement amount.

---

[3]Because there are many other factors that must be considered in assessing the reasonableness of the settlement, the Court uses these examples solely to illustrate how the damages and apportionment of fault are relevant to Farmers' case and expresses no opinion on whether Federal's decision to settle for 3.75 million dollars is in fact reasonable.

**IT IS ORDERED THAT** Defendant Federal Insurance Company's MOTION IN LIMINE

(Doc. No. 34) is GRANTED.

_____

SENIOR UNITED STATES DISTRICT COURT JUDGE